(859 P.2d 977)

No. 69,720

ROYCE MUZINGO and DIANTHA MUZINGO, *Appellants,* v.
JEFFREY B. VAUGHT, *Appellee.*

—

Opinion filed September 24, 1993.

*Bruce C. Jackson, Jr.,* and *Richard D. Jacoby,* of Yonke, Arnold, Newbold & Regan, P.C., of Kansas City, Missouri, for the appellants.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellee.

Before BRISCOE, C.J., GERNON, J., and RICHARD B. WALKER, District Judge, assigned.

BRISCOE, C.J.: Royce and Diantha Muzingo appeal the dismissal of their lawsuit against Jeffrey Vaught as barred by the Kansas statute of limitations (K.S.A. 1992 Supp. 60-513). This case presents a choice of law question.

The Muzingos brought this action against Vaught as a result of a boating accident which occurred at the Lake of the Ozarks, Camden County, Missouri, on September 6, 1987. The Muzingos are residents of Johnson County, Kansas. Vaught is a resident of Wyandotte County, Kansas. On September 3, 1992, the Muzingos filed suit in the District Court of Wyandotte County, Kansas, for property damage and personal injury resulting from the accident. The Muzingos claimed Vaught was negligent and careless in the operation of his boat and that his negligence and carelessness caused their damages. Vaught moved to dismiss the action on the ground the Muzingos' claim was barred by the Kansas two-year statute of limitations for tort actions (60-513). The district

court concluded the Kansas statute of limitations applied to bar the action and dismissed the action as untimely filed.

The sole issue on appeal is whether Kansas' two-year statute of limitations (60-513) or Missouri's five-year statute of limitations (Mo. Rev. Stat. § 516.120 [1986]) applies to this action. The Muzingos contend the district court erred in applying the two-year statute of limitations.

"The general rule in respect to limitation of actions is that the law of the forum governs, and if any exceptions to this rule are to be recognized, such exceptions must be found in the law of the forum itself." *Green v. Kensinger,* 199 Kan. 220, 223, 429 P.2d 95 (1967). A number of states have enacted statutory exceptions to the common-law rule that the forum applies its own statute of limitations to actions before it. These statutes are commonly referred to as "borrowing statutes," which to varying degrees change the common-law rule governing choice of the applicable statute of limitation. See Leflar, American Conflicts Law § 128, p. 256 (3d ed. 1977). Borrowing statutes attempt to promote uniformity of limitation periods and to discourage forum shopping by requiring the trial court to "borrow" the statute of limitations of the jurisdiction that the legislature has determined bears the closest relationship to the action, usually the jurisdiction where the action arose. *Miller v. Stauffer Chemical Co.,* 99 Idaho 299, Syl. ¶ 3, 581 P.2d 345 (1978). Kansas has long had a borrowing statute. Our present borrowing statute, K.S.A. 60-516, provides:

"Where the cause of action has arisen in another state or country and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued."

The Muzingos interpret this statute as prohibiting the filing in Kansas of actions which are time barred in Missouri. They argue that, since the Missouri statute of limitations had not expired at the time of the filing in Kansas, their action filed in Kansas is timely. The effect of their argument as applied to the facts in the present case is to interpret 60-516 as permitting the "borrowing" of the Missouri statute of limitations to permit the filing

in Kansas of an action which would be untimely filed if the Kansas statute of limitations were applied.

At the outset, we question whether 60-516 applies to this action because, when filed, the action was not barred in Missouri. Therefore, one of the conditions precedent to the application of our borrowing statute has not been satisfied. See Driscoll, *Some Reflections on the Kansas Borrowing Statute*, 17 Kan. L. Rev. 437, 443 (1969) ("Only when the court has decided that the borrowing statute is applicable should it look to the limitation law of a foreign jurisdiction."). As the Muzingos ignore this threshold question and argue their interpretation of 60-516 operates to save their action, we too will interpret the statute.

G.S. 1949, 60-310 was the predecessor to 60-516 and read as follows: "Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state." This earlier version was interpreted by the Supreme Court as intended "not to enlarge the statutory period in other sections of our statutes, but under certain circumstances to narrow the period of limitation." *Newell v. Harrison Engineering & Const. Corp.*, 149 Kan. 838, 841, 89 P.2d 869 (1939). While interpretation of the present statute presents a case of first impression, no authority cited from this or other jurisdictions would compel a different interpretation of the present statute.

When compared to G.S. 1949, 60-310, our present statute makes no specific reference to nonresidents, but adds the language "except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued." This exception found in the present statute is clearly intended to permit residents to file actions in this state which arise in foreign states, although the actions would be untimely filed in the foreign states. However, when filed in this state, the action must be timely filed under this state's applicable statute of limitations. "Another state's statute may not be used to extend the Kansas limitations period—to make timely an action barred by Kansas law." KBA, Kansas Statutes of Limitations and Time Standards 39-40 (1990) (citing *Newell*, 149 Kan. 838).

The exception phrase contained in 60-516 excludes residents from the effect of borrowing the lapsed statute of limitations of the foreign jurisdiction, but cannot be read to relieve residents of compliance with this state's applicable statute of limitations. California's similarly worded borrowing statute (Cal. Civ. Proc. Code Ann. § 361 [West 1982]) has been construed as applying only to causes of action barred by the law of the state in which the cause of action arose and not to causes of action barred by the laws of California. See *Biewend v. Biewend,* 17 Cal. 2d 108, Syl. ¶ 8, 109 P.2d 701 (1941).

The Muzingos rely on *Green,* 199 Kan. 220, to argue the Missouri statute of limitations applies because the claim arose in Missouri. The Muzingos refer to statements in *Green* to the effect that, if the cause of action arose in California, the California statute of limitations applied. While these statements appear to support the Muzingos' argument, it is only because they have been taken out of context. The Muzingos' reliance on these statements ignores the court's recognition of the general rule that actions are governed by the limitation statutes of the forum, which included G.S. 1949, 60-310, the predecessor statute to K.S.A. 60-516. When G.S. 1949, 60-310 is applied to facts presented in *Green,* it would prevent Kansas courts from hearing the cause of action in *Green* if (a) the cause of action arose in California; (b) the parties were not residents of Kansas; and (c) the California statute of limitations, if applicable, would bar the action. See 199 Kan. at 224. Because the court had already determined that the parties were residents of California and it would later determine that the California statute of limitations would bar the action, the court's broad statement that California law applied because the action arose in California simply framed the remaining question.

The Muzingos also rely on *Dow Chemical Corp. v. Weevil-Cide Co., Inc.,* 897 F.2d 481, 484 (10th Cir. 1990), wherein it is stated: "Kansas courts apply the limitations period of the state where the claim arose." *Dow* cites *Green* and 60-516 for support. While Vaught attempts to distinguish this statement, our only explanation is that it reflects an erroneous reading of *Green* and 60-516.

The Muzingos also argue the Missouri statute of limitations is applicable because it is tied to their substantive statutory causes

of action. As a general rule, statutes of limitations are procedural in nature. Where the statute sued upon creates the right and incorporates a limitation period for suit, the time restriction qualifies the right and becomes substantive in nature. See Leflar, § 127, p. 254. Under this circumstance, the second exception arises to the common-law rule that the forum applies its own statutes of limitations to actions before it. "[W]hen plaintiff asserts a right created by a statute of another state which has a limitations period that is so specifically directed at the statutory right that it may be said to qualify the right and thus be a 'built in' period of limitations." KBA, Kansas Statutes of Limitations and Time Standards 39. The Muzingos argue that, because their cause of action arises out of Mo. Rev. Stat. § 306.110 (1986) and Mo. Rev. Stat. § 306.125 (1992 Cum. Supp.), which govern the safe operation of watercraft, their cause of action is based on specific statutory rights created by the Missouri Legislature that must be governed by Mo. Rev. Stat. § 516.120(2) or (4).

This argument fails for several reasons. The Muzingos did not make this argument in district court in response to Vaught's motion to dismiss. As a general rule, this court will not consider points not presented to the trial court. *Diversified Financial Planners, Inc. v. Maderak,* 248 Kan. 946, 948, 811 P.2d 1237 (1991). Although there are exceptions to this general rule, the Muzingos do not argue that any of the exceptions apply.

In addition, neither § 306.125 nor § 306.110 is applicable to the Muzingos' cause of action as § 306.125 only became effective in 1989 (*Ryan v. Parker,* 812 S.W.2d 190, 194 [Mo. App. 1991]) and, although relying on § 306.125 in their petition, the Muzingos did not allege in their petition that § 306.110 was violated. Even if the two statutes were applicable, neither appears to be conditioned on Mo. Rev. Stat. § 516.120(2) or (4) so that enforcement of either statute would require applying the Missouri statute of limitations. See *Markson v. Shelton,* 124 F. Supp. 206, 210-11 (D. Kan. 1954); *Rodman v. Railway Co.,* 65 Kan. 645, 650-64, 70 Pac. 642 (1902); *Toomes v. Continental Oil Company,* 402 S.W.2d 321, 323 (Mo. 1966). As this case does not involve a specific Missouri statutory right with a "built in" limitations period, the second exception to the common-law rule that the law of the forum controls does not apply.

In their appellate briefs, both parties move to strike various portions of the opposing party's brief. Motions by appellate counsel which are asserted within the text of an appellate brief do not comply with Supreme Court Rule 5.01 (1992 Kan. Ct. R. Annot. 21) and will not be considered. *Henderson v. Ripperger,* 3 Kan. App. 2d 303, 309, 594 P.2d 251 (1979).

Affirmed.