**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SAMUEL GARCIA, SR.; MARIA
GARCIA,

      Plaintiffs-Appellants,

v.

INTERNATIONAL ELEVATOR
COMPANY, INC.,

      Defendant-Appellee.

No. 03-3050

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 02-CV-1298-JTM)

Kevin P. Parker, (W. Mark Lanier and Eugene R. Egdorf with him on the briefs), The
Lanier Law Firm, P.C., Houston, Texas, for the plaintiffs-appellants.

Kevin M. McMaster, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kansas,
for the defendant-appellee.

Before **HENRY**, **BRISCOE** and **McCONNELL,** Circuit Judges.

**BRISCOE**, Circuit Judge.

      Plaintiffs Samuel Garcia, Sr., and Maria Garcia appeal the district court's dismissal

of their personal injury diversity action on statute of limitations grounds. We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand for further proceedings.

I.

On July 19, 1999, Samuel Garcia, Sr. was severely injured during the course of his employment with a company in Freeport, Texas, "when a man lift in which he was a passenger free fell several floors and crashed." App. at 7. On November 8, 1999, Garcia and his wife, who are Texas residents, filed a personal injury suit in Texas state court against several defendants, including International Elevator Company, Inc. (International Elevator), a Kansas corporation that is allegedly the successor in interest to Viola Industries-Elevator Division, Inc., the company that designed, manufactured, assembled, and sold the man lift. International Elevator entered a special appearance in the Texas action to assert that the court lacked personal jurisdiction over it. The Texas trial court rejected the jurisdictional challenge and International Elevator filed an interlocutory appeal with the state court of appeals. On May 9, 2002, the state court of appeals "revers[ed] the judgment of the trial court, and render[ed] judgment dismissing, without prejudice . . . International Elevator . . . from th[e] cause" for lack of personal jurisdiction. Id. at 34. Plaintiffs' motion for rehearing was summarily denied on May 30, 2002.[1]

On August 22, 2002, plaintiffs filed this personal injury diversity action against

---

[1] The ruling had no effect on the portion of plaintiffs' state court action that asserted claims against defendants other than International Elevator. According to plaintiffs, their claims "against the remaining defendants continued to proceed in the Texas trial court." Aplt. Br. at 5 n.2.

2

International Elevator in the United States District Court for the District of Kansas. International Elevator moved to dismiss "for failure to state a claim as a result of the expiration of the applicable statute of limitations." Id. at 15. Specifically, International Elevator argued plaintiffs' action was not filed within the time allowed by the Texas saving statute, which applies to cases dismissed for lack of jurisdiction. See Texas Civil Practice & Remedies § 16.064(a)(2) (suspending the statute of limitations if, "not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction"). International Elevator argued the 60-day period began to run from the denial of plaintiffs' motion for rehearing (May 30, 2002) and, therefore, the Kansas filing on August 22, 2002, was untimely. In response, plaintiffs argued their Kansas action was timely as it was filed within 60 days of the date the Texas jurisdictional dismissal became final. Plaintiffs argued the dismissal was not final until July 14, 2002, the deadline for plaintiffs to file a petition for writ of error with the Texas Supreme Court. In its reply to plaintiffs' response, International Elevator also asserted the state court of appeals had "ruled on the essential allegations contained in Plaintiffs' . . . Complaint" in determining the issue of personal jurisdiction, and thus plaintiffs were "estopped from relitigating [those] issues in Kansas." Id. at 55.

On January 13, 2003, the district court relied on the Texas saving statute and granted International Elevator's motion to dismiss. The district court concluded the denial of the motion for rehearing by the state court of appeals triggered the running of

3

the 60-day refiling period of § 16.064(a)(2). As a result, the district court agreed that plaintiffs' suit was untimely because it was filed more than two years after the alleged accident and more than 60 days after plaintiffs' state court action against International Elevator was dismissed for lack of jurisdiction.

II.

*Choice of law*

We begin by deciding whether Kansas or Texas law applies.[2] In a diversity case, we apply the substantive law of the forum state, including its choice of law rules. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 495-97 (1941); New York Life Ins. Co. v. K N Energy, Inc., 80 F.3d 405, 409 (10th Cir. 1996). Kansas, the forum state in this case, generally "applies its own statutes of limitations to actions before it." Muzingo v. Vaught, 859 P.2d 977, 979 (Kan. App. 1993). However, Kansas does recognize two exceptions to this general rule. First, if a cause of action is based on a foreign statute (i.e., a non-Kansas statute) that "incorporates a limitation period for suit," that statutory time restriction is considered "substantive in nature" and will be considered controlling. Id. at 980. Second, if the cause of action arose in another jurisdiction, the Kansas borrowing statute, Kan. Stat. Ann. § 60-516, requires application of the other jurisdiction's statute of

_____

[2] Upon direction by this court, the parties have filed supplemental briefs addressing whether the law of the forum state, Kansas, requires application of the Kansas saving statute, Kan. Stat. Ann. § 60-518, rather than the Texas saving statute, Tex. Civ. Prac. & Rem. § 16.064(a)(2), in determining the timeliness of the complaint filed in Kansas federal court.

4

limitations if it would result in the action being time-barred.[3]

Neither exception to the general rule is implicated here. None of the claims asserted in plaintiffs' complaint are based on a foreign statute. Instead, the complaint alleges that International Elevator is liable under "the theory of strict liability as set forth in §§ 401A and 402B of the RESTATEMENT OF TORTS 2D," App. at 7, for "breach of implied warranty of fitness," id. at 8-9, and for negligence of such an "extreme" and "egregious . . . nature as to constitute malice under Kansas law," id. at 9. Further, the Kansas borrowing statute does not operate to bar this action because, even though Garcia's injury occurred in Texas, plaintiffs' personal injury action was timely filed in Texas. More specifically, the Texas statute of limitations for personal injury claims is two years. See Tex. Civ. Prac. & Rem. § 16.003(a). It is uncontroverted that plaintiffs' first action against International Elevator in Texas state court was filed within the two-year statute of limitations.

In Goldsmith v. Learjet, Inc., 917 P.2d 810 (Kan. 1996), in response to questions certified by this court, the Kansas Supreme Court stated that "since the cause of action arose in Colorado, [Kan. Stat. Ann. § 60-516] mandates that we first determine if the

---

[3] The Kansas borrowing statute provides:
> Where the cause of action has arisen in another state or country and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued.

Kan. Stat. Ann. § 60-516.

action is time barred under the Colorado statute of limitations." Id. at 820. Looking only at the "original filing," the court went on to state: "Once it is determined that the action was not time barred in Colorado, there is no further need to look to Colorado law." Id. As applied in the present case, once we determine the first action was timely filed in Texas, there is no further need to look to Texas law.

This conclusion would apply as well to the Texas saving statute. In answering our first certified question, the Goldsmith court concluded the Kansas borrowing statute, Kan. Stat. Ann. § 60-516, did not require the borrowing of the foreign state's saving statute after it was determined the "original filing" was timely. Here, because plaintiffs' first action in Texas was timely filed, the timeliness of their second action, which was filed in federal district court in Kansas, is determined under the Kansas saving statute rather than the Texas saving statute. See Goldsmith v. Learjet, Inc., 90 F.3d 1490, 1493-94 (10th Cir. 1996); Goldsmith, 917 P.2d at 820.

International Elevator attempts to distinguish Goldsmith on the grounds that in Goldsmith both the first and second actions were filed in Kansas while in the present case the first action was filed in a state other than Kansas. That distinction was rejected by this court in Prince v. Leesona Corp., 720 F.2d 1166 (10th Cir. 1983). In Prince, this court predicted that Kansas courts would apply the Kansas saving statute to actions filed first in other states:

> The rule . . . that the forum's savings statute does not apply when the initial action is brought in another state . . . is the general rule among older cases.

More recently, however, both circuit and state courts have split on the issue of whether savings statutes apply to suits originally filed in sister states.

Absent compelling precedent from a state, we see no reason to follow old dicta when virtually every state has a savings statute and no significant policy would be advanced by holding such a statute inapplicable to actions originally filed in sister states. Defendant here was put on notice of the action in a timely manner and there was no more delay involved than if the action had been filed in the forum state and dismissed there for procedural reasons. Nor would holding that a savings statute is inapplicable to actions filed in sister states further any policy of the forum state to protect its citizens from discrimination by other states.

Id. at 1168-69. While the Kansas Supreme Court in Goldsmith noted our "prediction" in Prince, the court had no occasion to directly address it because both the first and second actions at issue in Goldsmith were filed in Kansas. Because the holding in Goldsmith is not inconsistent with Prince, we are bound by Prince. See Wankier v. Crown Equip. Corp., 353 F.3d 862, 866 (10th Cir. 2003). If the first action is timely filed, the timeliness of the second action in Kansas is determined exclusively by the Kansas saving statute.

*Application of Kansas saving statute*

The Kansas saving statute, Kan. Stat. Ann. § 60-518, provides:

If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

Applying § 60-518 to the facts of this case, it is clear that plaintiffs' federal court action was timely filed. As noted, plaintiffs' Texas state court action against International Elevator was timely filed. That action subsequently failed "otherwise than upon the

7

merits" when the Texas appellate court dismissed it for lack of personal jurisdiction over International Elevator. After the Texas appellate court denied plaintiffs' motion for rehearing on May 30, 2002, plaintiffs filed this action against International Elevator on August 22, 2002, well within the six-month period allowed by the Kansas saving statute.

*Res judicata/collateral estoppel*

International Elevator contends there is an alternative basis for affirming the district court's dismissal of plaintiffs' action. According to International Elevator, in concluding the Texas trial court lacked personal jurisdiction over International Elevator, the Texas appellate court "necessarily found that International Elevator had not sold the allegedly defective equipment at issue in this case." Aplee. Br. at 5 (emphasis in original). International Elevator argues that finding "conclusively demonstrate[s] that the Garcias likewise have no cause of action against International Elevator in the case before this court." Id. More specifically, International Elevator argues that, "[a]bsent the sale of the offending equipment, International Elevator had no contact at all with the plaintiff or the incident from which the plaintiff claims injury and damages." Id.

Two factors counsel against our reliance on res judicata or collateral estoppel as a basis for affirming the district court's dismissal of plaintiffs' complaint. First, the res judicata/collateral estoppel issue was not timely raised by International Elevator before the district court and was not addressed by the district court. The issue was first raised in its reply brief in support of its motion to dismiss plaintiffs' complaint. Although

8

plaintiffs filed a surreply addressing the issue, the issue was not fully fleshed out by the parties – in part because there was no response to the arguments asserted by plaintiffs in their surreply.  Thus, we question whether the issue has been waived for purposes of this appeal.  See United States ex rel. King v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1279 (10th Cir. 2001) (suggesting an argument first raised in a reply brief in support of a motion filed with the district court was waived).  Second, even assuming there has been no waiver, the applicability of res judicata or collateral estoppel to the present case would require a determination of the precise nature of plaintiffs' claims and would necessarily rest on materials outside the complaint (in particular the record of the state court proceedings).  Whether res judicata or collateral estoppel bars this action in whole or part is more appropriately decided in the context of a motion for summary judgment than it is in the context of a defendant's motion to dismiss.  See Matosantos Comm. Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1206 (10th Cir. 2001) (addressing similar issue raised by defendant in context of motion for summary judgment).  We therefore leave this issue to the district court on remand upon a proper motion by International Elevator.

The judgment of the district court is REVERSED and the case is REMANDED to the district court for further proceedings.