**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRYAN LYONS,

      Plaintiff-Appellant,

v.

JENNIFER KYNER; JODY PRYOR;
BOB BEARD,

      Defendants-Appellees.

No. 09-3308

(D.C. No. 2:09-CV-02045-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

      Pro se Plaintiff-Appellant Bryan Lyons appeals the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of his complaint.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

In January 2009 Lyons filed a complaint in the United States District Court for the District of Kansas against Jennifer Kyner, Jody Pryor, and Bob Beaird[1] (together "defendants") for alleged negligence and violations of his rights that allegedly occurred at a trial on February 22, 2005.  Lyons also asserted a claim for a "failed safe living environment" in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.  ROA at 8.  A magistrate judge ordered Lyons to show cause as to why the case should not be dismissed for failure to state a claim, and Lyons filed a lengthy response setting forth his factual allegations and asserted claims.

In his response, Lyons stated that he was asserting a claim under 42 U.S.C. § 1983, and a state law negligence claim for defendants' breach of their alleged duty to provide Lyons with a "reasonable fair trial."  Id. at 13, 18.  That allegedly unfair trial occurred on February 22, 2005 in Jackson County, Missouri: Kyner was an attorney involved in the trial, Pryor was a landlord, and Beaird was the

---

[1] In his complaint and response, Lyons referred to the trial judge as "Bob Beard."  The district court acknowledged that a judge named "Bob Beaird" sits on the Sixteenth Judicial Circuit Court of Jackson County, Missouri, and the district court took judicial notice of the appropriate spelling for the judge's name.

presiding judge.[2] Lyons claimed that defendants conspired to perpetrate a fraud upon the court and to deny him of many of his constitutional rights. Lyons claims that witnesses gave perjured testimony, the defendants contrived a false conviction, and defendants violated his equal protection rights by discriminating against him on the basis of his gender. Id. at 20-22. Lyons claims that these alleged deprivations resulted in an "unlawful judgment" that caused him harm, including mental anguish and the loss of a computer programming degree. Id. at 16-17.

Lyons raised specific allegations against Judge Beaird and Kyner. Lyons's allegations against Judge Beaird included abusing judicial authority, denying Lyons's request for a jury trial, failing to demonstrate professional competence, and engaging in wrongful conduct by "giving victory to Jennifer," telling Lyons that he would "send [Lyons] to a hanging Judge," and "showing favoritism to the ladies testimony while ignoring Mr. Lyons truthfulness." Id. at 22, 25, 30. Lyons's allegations against Kyner, contained in his original complaint, included acting negligently at trial, denying Lyons certain discovery, using perjured testimony, and conspiring against Lyons to obtain an illegal judgment.[3] Id. at 6.

---

[2] Lyons claimed all three defendants were public officials, but provided no support for this claim.

[3] Lyons also alleged that the defendants violated several criminal statutes, and that Judge Beaird and Kyner violated 28 U.S.C. § 453, which requires each justice and judge of the United States to take an oath supporting the Constitution.

3

Lyons also asserted a claim under 42 U.S.C. § 1985(3) based on an alleged conspiracy to deprive him of his Fourteenth Amendment rights. Lyons alleged that the conspiracy was "effected through Jennifer, Bob, Jody, James Green, Eric Glover, [and] Walker," and in another part of his response, he alleged that "defendants did conspire or go in disguise on the highway or on the premises of another for the purpose of depriving . . . any person . . . of the equal protection of the laws . . . ." Id. at 39, 45.

Several of Lyons's other factual allegations contained in his response relate to the Fair Housing Act claim that he stated in his complaint. Lyons claimed that defendants wrongfully prevented the prosecution of James Green, a maintenance man at his apartment complex, for the rape of a young girl living nearby. Id. at 20. Lyons also claims that Eric Glover, another maintenance man, protected his co-worker by aiming a gun at Lyons and telling Lyons that "he would be found dead" if he pursued his co-worker's prosecution. Id. Lyons also contends that other tenants at his apartment complex physically injured him, all the witnesses at the trial assaulted him at the apartment complex, and a woman came into his apartment and attacked him. Id. at 19, 21, 25.

Lyons sought injunctive and declaratory relief, compensatory and punitive damages, and requested that the court "overturn [and] change [Judge Beaird's] illegal orders against Plaintiff." Id. at 48. Lyons also specifically requested a "new trial or reinstatement my apartment for a fix time." Id. at 30.

4

The district court referred the case to the magistrate judge. The magistrate judge granted Lyons leave to proceed in forma pauperis, and after considering the allegations in Lyons's complaint and in his response to the show cause order, the magistrate judge issued an extensive report and recommendation concluding that the action should be dismissed. The magistrate judge concluded that Lyons's § 1983, § 1985(3), and negligence claims were inextricably intertwined with the state court action in Missouri and therefore the Rooker-Feldman doctrine[4] barred their review in federal district court. The magistrate judge also concluded that all three claims were barred by the applicable two-year statute of limitations. The magistrate judge also dismissed these claims against Judge Beaird on other alternative grounds: judicial immunity barred Lyons's request for monetary relief, and Lyons failed to state a claim for injunctive and declaratory relief.[5] Finally, the magistrate judge also concluded that Lyons's failed to state a claim for relief under the Fair Housing Act.

After the magistrate judge issued his report and recommendation, Lyons filed an objection to the report and recommendation. Lyons objected to "any and

[4] "The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Mann v. Boatright, 477 F.3d 1140, 1146 (10th Cir. 2007) (citation and quotation omitted).

[5] The magistrate judge also concluded that the criminal statutes Lyons listed in his response did not confer standing on a private citizen to bring a civil cause of action.

all of the Report and Recommendation" and specifically stated his belief that "[i]mmunity does not cover [c]orruption in office or limitations." Id. at 82. The district court considered these objections, overruled them, and adopted the report and recommendation in its entirety.[6]

## II

"[W]e review de novo a district court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an in forma pauperis proceeding." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1094 (10th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "at any time" "shall dismiss" a case proceeding in forma pauperis if the court determines that the appeal fails to state a claim on which relief can be granted. To state a claim, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Because Lyons appears pro se, "we construe his pleadings and papers liberally, but our role is not to act as his advocate." Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009).

The magistrate judge articulated multiple reasons in recommending that Lyons's § 1983, § 1985(3), and negligence claims should be dismissed, all of

---

[6] We note that neither the magistrate judge nor the district court addressed whether venue for this action was proper in the District of Kansas. And although Lyons indicated in his complaint that Kyner maintained an address in Westwood, Kansas, ROA at 5, neither the magistrate judge nor the district court addressed whether the court had personal jurisdiction over each of the three defendants.

6

which the district court adopted in dismissing these claims. Having reviewed the allegations in Lyons's complaint and in his response to the show cause order, we agree that these claims are time-barred: each cause of action arose during the allegedly unfair trial on February 22, 2005, and the applicable two-year statute of limitations had run by the time Lyons filed his complaint in January 2009. We also agree that Lyons fails to state a claim for relief under the Fair Housing Act.

A

The statute of limitations for claims under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). For conspiracy claims under § 1985(3), courts have also applied the forum state's personal-injury statute of limitations. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Kaster v. Iowa, 975 F.2d 1381, 1382 (8th Cir. 1992) (per curiam); McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991); Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989). Thus, we apply Kansas's two-year statute of limitations for personal injury actions to Lyons's § 1983 claim and his § 1985(3) claim. See Kan. Stat. Ann. § 60-513(a)(4) ("The following actions shall be brought within two years . . . [a]n action for injury to the rights of another, not arising on contract, and not herein enumerated.").

"A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir.

7

1995) (citation and quotation omitted). The limitations period for a § 1985(3) action "runs from the occurrence of the last overt act resulting in damage to the plaintiff." Bell v. Fowler, 99 F.3d 262, 270 (8th Cir. 1996) (citation and quotation omitted). Here, Lyons's § 1983 claim arose during the February 22, 2005 trial when the defendants allegedly deprived Lyons of several of his constitutional rights which resulted in an unlawful judgment. With respect to his § 1985(3) claim, we note that Lyons has alleged that a conspiracy was "effected through Jennifer, Bob, Jody, James Green, Eric Glover, [and] Walker" and that "defendants did conspire or go in disguise on the highway or on the premises of another" to deprive "any person" of his or her Fourteenth Amendment rights. ROA at 39, 45. Despite these generalized allegations, we agree with the magistrate judge that the last overt act alleged in this conspiracy occurred during the February 22, 2005 trial.[7] Accordingly, we conclude that the applicable two-year statute of limitations had already run on Lyons's § 1983 and § 1985(3) claims by the time Lyons filed his complaint in January 2009.

We have recently held that it is inappropriate for a district court to dismiss sua sponte a prisoner's § 1983 action on the basis of the statute of limitations "unless it is clear from the face of the complaint that there are no meritorious

---

[7] Lyons does not appear to contest that conclusion: his only reference to the statute of limitations in his brief on appeal is that "[t]here is no statute [of] limitations on corruption." Aplt. Br. at 4.

tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." Vasquez Arroyo, 589 F.3d at 1097. Here, however, we note that Lyons received the benefit of notice and an opportunity to be heard on the statute of limitations issue in the district court. After the magistrate judge recommended that Lyons's § 1983 and § 1985(3) claims be dismissed because the statute of limitations had run on those claims, Lyons filed a objection to the report and recommendation that generally disagreed with "any and all of the Report and Recommendation" and specifically stated that "[i]mmunity does not cover [c]orruption in office or limitations." ROA at 82. The district judge considered and overruled Lyons's objections in adopting the report and recommendation in its entirely.

We also conclude that the applicable two-year statute of limitations bars Lyons's negligence claims. Federal courts that sit in diversity apply "the choice of law principles of the state in which it sits." Morrison Knudsen Corp. v. Group Improvement Techniques, Inc., 532 F.3d 1063, 1077 n.12 (10th Cir. 2008). "Kansas, the forum state in this case, generally applies its own statutes of limitations to actions before it." Garcia v. Int'l Elevator Co., Inc., 358 F.3d 777, 779 (10th Cir. 2004) (citation and quotation omitted).[8] Thus, we also apply

_____

[8] Kansas recognizes two exceptions to this general rule, neither of which apply to this case. First, if a cause of action is based on a non-Kansas statute "that incorporates a limitations period for suit, that statutory time restriction is

(continued...)

9

Kansas's two-year statute of limitations for personal-injury actions to Lyons's negligence claim. And because Lyon's negligence claim also stems from the allegedly unlawful judgment and the allegedly unlawful conduct that occurred during the February 2005 trial, we also conclude that this claim is time-barred.

B

The Fair Housing Act was "designed primarily to prohibit discrimination in the sale, rental, financing, or brokerage of private housing and to provide federal enforcement procedures for remedying such discrimination . . . ." Otero v. N.Y. City Hous. Auth., 484 F.2d 1122, 1133 (2d Cir. 1973) (emphasis omitted). The Act prohibits "discrimination in the rental of a dwelling, or in the provision of services in connection with a rental." Honce v. Vigil, 1 F.3d 1085, 1088 (10th Cir. 1993); see also 42 U.S.C. § 3604(a)-(b). As the district court and the magistrate judge recognized, though Lyons has alleged that he has endured physical injuries and threatening conduct while living at his apartment complex, he has not alleged that he was the victim of discrimination on the basis of his race, color, religion, sex, familial status, or national origin. For this reason, we conclude that Lyons has failed to state a claim for relief under the Fair Housing

---

[8](...continued)
considered substantive in nature and will be considered controlling." Garcia, 358 F.3d at 779 (quotations and citations omitted). "Second, if the cause of action arose in another jurisdiction, the Kansas borrowing statute, Kan. Stat. Ann. § 60-516, requires application of the other jurisdiction's statute of limitations if it would result in the action being time-barred." Id.

10

Act.

III

For the reasons stated, we AFFIRM the dismissal of Lyons's complaint.[9]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[9] Lyons also appears to challenge the magistrate's denial of his request to be appointed counsel. Lyons filed a motion to appoint counsel in the district court, and the magistrate judge denied that motion after issuing his report and recommendation. In his brief on appeal, Lyons argues that his case "should [have] been tried with [a] lawyer" and he asks us to appoint him counsel. Aplt. Br. at 3, 4. "The appointment of counsel in a civil case is left to the sound discretion of the district court." Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994). Because we have concluded that Lyons's claims are subject to dismissal as untimely filed or generally lacking in merit, we also conclude that the district court did not abuse its discretion in declining to appoint counsel for Lyons.