FILED
United States Court of Appeals
Tenth Circuit

October 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JACALYN PATTERSON,

        Plaintiff-Appellant,

v.

BEN WILLIAMS; CHRISTOPHER
WILLIAMS; KRISTINE C. WILLIAMS,

        Defendants-Appellees.

No. 11-3357
(D.C. No. 5:10-CV-04094-CM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Some years ago, Kansas resident Jacalyn Patterson sued the Williams family in Arizona state court. The problem was, the Williamses' son Ben — who Ms. Patterson claimed hit her with the family truck — had summer vacation plans. The parties agreed to a continuance but it was conditioned, Ms. Patterson says, on a guarantee that Ben would be back in time to testify. When Ben didn't return in time

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and the trial continued without him, Ms. Patterson cried foul.  In her mind, she and the Williamses had a contract and by failing to produce Ben, the Williamses breached it.

In August 2010 — almost six years after the Arizona trial — Ms. Patterson brought this diversity suit in federal district court in Kansas.  She alleged the Williamses breached a contract, though it's unclear whether the alleged contract was oral or somehow reduced to writing.  For its part, the district court dismissed the case on the Williamses' Rule 12(b)(6) motion.  It explained that "regardless of whether the contract is written or oral, plaintiff failed to file her complaint within the statute of limitations required by Kansas for breach of contract."  *Patterson v. Williams*, No. 10-CV-04094-CM-GLR, 2011 WL 5142757, at *2 (D. Kan. Oct. 28, 2011).

In this appeal, Ms. Patterson says the district court applied Kansas's statute of limitations in error.  She argues that because the contract was made and breached in Arizona, the district court should have applied Arizona's six-year statute of limitations.  *See* Ariz. Rev. Stat. § 12-548.

Unfortunately for Ms. Patterson, Kansas's choice-of-law rules — which the district court must apply when sitting in diversity, *see Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 779 (10th Cir. 2004) — are unambiguous.  They require Kansas courts to "appl[y] [their] own statutes of limitations to actions before [them]."  *Muzingo v. Vaught*, 859 P.2d 977, 980 (Kan. Ct. App. 1993).  And under Kansas's statutes of limitations, actions on oral contracts must be brought within three years and actions

- 2 -

on written contracts must be brought within five. *See* Kan. Stat. Ann. §§ 60-511, -512. Ms. Patterson thus can't maintain the suit she filed some six years after the alleged breach occurred — too late under either of Kansas's potentially controlling statutes of limitation.

To be sure, most rules admit of exceptions, and the rule that Kansas courts apply Kansas limitations periods is no different. But neither of the two exceptions Ms. Patterson invokes before us actually applies.

First, Kansas courts will go ahead and apply statutes of limitations from other states when the Kansas borrowing statute requires them to. *See* Kan. Stat. Ann. § 60-516 ("Where the cause of action has arisen in another state . . . and by the laws of the state . . . cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued."). But the borrowing-statute exception is of use only on defense, a tool to keep nonresident, forum-shopping plaintiffs from exploiting advantageous Kansas limitations periods. *See, e.g.*, *Peoples Mortg. Corp. v. Kan. Bankers Sur. Trust Co.*, No. 01-CV-2414-KHV, 2002 WL 68500, at *5 (D. Kan. Jan. 9, 2002) (applying shorter Colorado limitations to bar action brought in Kansas). It won't work "to make timely an action barred by Kansas law," because § 60-516 does nothing to change the fact that "[a]nother state's statute may not be used to *extend* the Kansas limitations period." *Muzingo*, 859 P.2d at 980 (emphasis added).

- 3 -

Second, Kansas courts will adopt out-of-state limitations periods when plaintiffs sue on foreign statutes that have their own limitation periods "built in." *See id.* But this exception, too, fails to help Ms. Patterson's case. She hasn't alleged any violation of any statutory right, much less any corresponding "built in" limitations period that could save her case.

Even if Kansas limitations laws do apply, Ms. Patterson insists Ben's absence should have tolled the clock and in this way rendered her claim timely. By her own admission, however, Ms. Patterson knew Ben was in Australia and she has never alleged he wasn't subject to process. This much is fatal to her tolling claim because Kansas law expressly states that tolling "shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected." Kan. Stat. Ann. § 60-517.

Alternatively still, Ms. Patterson argues the Williamses should be judicially estopped from relying on Kansas limitations laws because they once cited Arizona limitations law in their initial brief before the district court. The difficulty is this doctrine generally applies only when "the position to be estopped [is] one of fact rather than of law or legal theory" so that errors of law aren't inadvertently ensconced in the law books. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069

(10th Cir. 2005).  And here, of course, Ms. Patterson accuses the Williamses of changing a position of law, not fact.

The judgment of the district court is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge