**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BYRON DEAN WALLER,

Plaintiff - Appellant,

v.

MICHAEL JAMES WALLER; PAULA
WALLER,

Defendants - Appellees.

No. 15-2117
(D.C. No. 1:14-CV-00921-LH-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

This is a dispute between two brothers over their deceased father's estate and

filed as a diversity action. Plaintiff Byron Dean Waller, a pro se[1] Florida inmate,

claims his brother, Michael James Waller, and sister-in-law, Paula Waller, who are

residents of New Mexico, tortiously interfered with his inheritance expectancy by

exerting undue influence over their father, who executed a will in Missouri, but later

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Waller's pro se pleadings, but do not act as his
advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

moved to New Mexico where he died. The district court granted summary judgment to Michael and Paula, ruling that the suit was barred under New Mexico's three-year statute of limitations.[2] We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's judgment.

I

Byron, a Florida resident, is presently serving a twenty-year sentence in a Florida state prison. His brother, Michael, and sister-in-law, Paula, live in New Mexico. Byron and Michael's father, James Byron Waller, was a resident of Missouri and was hospitalized in March 2006 after suffering a stroke. While in the hospital, James and Michael met with a lawyer, who prepared a last will and beneficiary deed that conveyed all of James' estate to Michael. At the time, James had difficulty speaking, but he was lucid. He executed the will and deed on April 10, 2006, and was discharged from the hospital on April 18, 2006. James soon moved to New Mexico, and approximately a year later, on June 15, 2007, he passed away.

There is some uncertainty concerning when Byron first learned that he would not receive an estate distribution. According to an affidavit that Michael submitted in support of summary judgment, he told Byron weeks after their father's death that Byron would receive only $5,000 from a life insurance policy, to which Byron replied, "I know." R. at 229. Byron, however, alleged that his father had previously executed a will that equally divided the estate between him and his brother. Byron

---

[2] We individually refer to the parties by their first names because they all share a common last name.

2

claimed he had no knowledge of the last will and deed until early 2010, when, during an argument, Michael told him their father had executed the will and deed that transferred the entire estate to him. Michael denies that a previous will ever existed, but he does not dispute that Byron received a copy of the last will and beneficiary deed on or about January 27, 2011.

Following these events, Byron filed at least three other actions claiming that Michael and Paula tortiously interfered with his inheritance expectancy. Two of those actions were initiated in the Southern District of Florida and were dismissed for lack of jurisdiction. *See Waller v. James*, No. 11-CV-22547 (S.D. Fla. Aug. 31, 2011) (court could not identify any jurisdictional basis); *Waller v. Waller*, No. 11-CV-23596 (S.D. Fla. Sept. 21, 2012) (dismissed for lack of personal jurisdiction). The third suit Byron filed in the District of New Mexico, though he voluntarily dismissed that case because he was sick and wished to resolve the dispute amicably. *Waller v. Waller*, No. 12-CV-1234 (D. N.M. Apr. 10, 2013). There was no such resolution, however, because on October 14, 2014, Byron initiated this suit by filing the same complaint he filed in No. 12-CV-1234, again alleging that Michael and Paula tortiously interfered with his inheritance expectancy.

Michael and Paula answered the complaint and moved for summary judgment, arguing, among other things, that the suit was time-barred. Byron failed to respond, however, and after well over a month passed, Michael and Paula notified the court that briefing was complete. This prompted Byron to file a motion in opposition, seeking an extension of time to respond. Thereafter, he also moved for appointment

3

of counsel and discovery pursuant to Fed. R. Civ. P. 54(d).  The district court, in three separate orders, denied counsel, denied discovery and an extension, and granted Michael and Paula's motion for summary judgment.  Byron subsequently appealed.

II

### A.  Summary Judgment

#### 1.  Standard of Review

"We review a district court's decision to grant summary judgment de novo, applying the same standard as the district court."  *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1238-39 (10th Cir. 2015) (internal quotation marks omitted).  Courts will grant summary judgment if "'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).  "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."  *Wright*, 805 F.3d at 1239 (internal quotation marks omitted).

Our summary judgment standard "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim."

4

*J.V. v. Albuquerque Public Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (citations and internal quotation marks omitted). With these principles in mind, we consider whether the district court erred in granting summary judgment in favor of Michael and Paula.

### 2. Choice of Law

In granting summary judgment, the district court concluded that New Mexico law provided the governing statute of limitations. "We review the district court's choice-of-law determination de novo," *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010), and agree for substantially the same reasons cited by the district court that New Mexico's statute of limitations governs this case.

As the district court recognized, in a diversity suit such as this, courts apply the substantive law of the forum state—here New Mexico, including its choice-of-law rules. *Id.* In turn, New Mexico courts apply the forum state's laws to procedural matters, which include statute-of-limitations defenses. *Nez v. Forney*, 783 P.2d 471, 472 (N.M. 1989). Thus, New Mexico's statute of limitations applies unless this case falls into one of two exceptions: "First, if a cause of action is based on a foreign statute . . . that incorporates a limitation period for suit, that statutory restriction is considered substantive in nature and will be considered controlling." *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 779 (10th Cir. 2004) (internal quotation marks omitted). This exception is inapplicable because there is no pertinent foreign statute; the tort of interfering with one's inheritance expectancy is a tort at common-law in Missouri. *See Hammons v. Eisert*, 745 S.W.2d 253, 258 (Mo. Ct. App. 1988).

5

As for the second exception, it applies "if the cause of action arose in another jurisdiction" and the forum state has a borrowing statute that "requires application of the other jurisdiction's statute of limitations." *Garcia*, 358 F.3d at 779. This exception is inapplicable because there is no borrowing statute in New Mexico. Accordingly, this action is governed by New Mexico's pertinent statute of limitations.

### 3. Statute of Limitations & Tolling

New Mexico courts apply a three-year statute of limitations to claims alleging tortious interference with inheritance expectancy. *See Peralta v. Peralta*, 131 P.3d 81, 84 (N.M. Ct. App. 2005) (applying three-year limitations period for personal injury claims established by N.M. Stat. Ann § 37-1-8). This limitations "period does not begin to run until a plaintiff discovers, or reasonably should discover, the essential facts of his or her cause of action." *Pacheco v. Cohen*, 213 P.3d 793, 795 (N.M. Ct. App. 2009) (internal quotation marks omitted). The district court concluded that Byron discovered or should have discovered the essential facts of his claim no later than January 27, 2011, when he received a copy of the last will and beneficiary deed, which clearly excluded him from the estate. We agree this date marks the latest time at which Byron should have discovered his claim. We also agree with the district court's conclusion that this action is therefore barred by New Mexico's three-year statute of limitations because Byron did not file his complaint until nearly four years later, on October 14, 2014.

6

Byron disputes this conclusion, urging us to equitably toll the accrual of the statute of limitations during the entire time that his three previous lawsuits were pending. We will not consider this argument, however, because Byron failed to preserve it in the district court. "An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) (internal quotation marks omitted). "This court does not address issues that were not properly raised before the district court." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999). Byron never argued or even suggested that the filing period ought to be tolled during the pendency of his other cases. Although the district court considered in a footnote whether his immediately preceding suit tolled the limitations period (and concluded it did not because Byron voluntarily dismissed it, *see Gathman-Matotan Architects & Planners, Inc. v. State Dep't of Fin. & Admin.*, 787 P.2d 411, 414 (N.M. 1990) (holding that dismissal for failure to prosecute did not toll the limitations period)), the court never considered the tolling effect of the two other suits he filed in Florida. Consequently, we decline to consider it now in the first instance, notwithstanding Byron's pro se status. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)).

### 4. Purported Factual Disputes

Still, Byron contends there are factual disputes that preclude summary judgment. In particular, he insists his father's estate was worth much more than Michael asserted in his affidavit, and that their father was subjected to undue influence while mentally impaired, contrary to the representations in Michael's affidavit. But these purported factual disputes are not germane to the statute-of-limitations defense. As we have previously explained, once a defendant properly invokes and supports an affirmative defense on summary judgment, he or she is entitled to judgment as a matter of law unless the plaintiff identifies a specific factual dispute material to that defense:

> A defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to judgment as a matter of law. The defendant making such a motion must demonstrate that no disputed material fact exists regarding the affirmative defense asserted. If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law.

*Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citations omitted). Byron's alleged factual disputes are immaterial because they do not bear on the statute-of-limitations defense. Moreover, Byron waived these purported disputes by failing to timely respond to the summary judgment motion. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("By failing to file a [summary judgment] response within the time specified by the [court's] local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary

8

judgment motion."). If Byron wished to dispute these facts, he should have done so in a timely response to the summary judgment motion.

### B. *Extension to File a Summary Judgment Response*

Perhaps anticipating the foregoing conclusion, Byron contends the district court erred in refusing to grant him an extension of time to respond to the summary judgment motion. Although we ordinarily review the denial of an extension for an abuse of discretion, *see Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1193 (10th Cir. 1998), the district court treated Byron's pleadings as seeking to defer a ruling on summary judgment until he could conduct discovery pursuant to Fed. R. Civ. P. 56(d). The court reasoned that Byron sought to obtain discovery and thereafter file an untimely response to the summary judgment motion. Nevertheless, we still review for an abuse of discretion, *see United States v. Supreme Court of New Mexico*, ___ F.3d ___, 2016 WL 3166830, at *10 (10th Cir. June 7, 2016), and perceive none.

Michael and Paula filed their motion for summary judgment on February 10, 2015. The district court's local rule afforded Byron fourteen days to respond. *See* D.N.M.L.R.-Civ. 7.4(a). By March 30, 2015, with no response forthcoming, Michael and Paula filed a notice alerting the court that briefing was complete. This prompted Byron to file his request for an extension on April 9, asserting he needed additional time because he had insufficient access to his prison's law library. Then on May 18, Byron filed an affidavit and legal memorandum, arguing that without discovery, he could not prove his claims.

9

The district court construed these pleadings as seeking to defer a ruling on summary judgment and extend the time to file a response until Byron could obtain discovery. But the court denied his requests because he failed to show that the lack of discovery prevented him from opposing summary judgment. The court explained that Fed. R. Civ. P. 56(d) authorizes a court to defer ruling on summary judgment to take discovery, but the requesting party must "'provide an affidavit explaining why facts precluding summary judgment cannot be presented.'" R. at 393 (quoting *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)). "'This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.'" *Id.* (quoting *Valley Forge*, 616 F.3d at 1096 (brackets omitted)).

We agree with the district court that Byron failed to make the requisite showing. Byron's affidavit does not identify any probable facts that would have precluded summary judgment or explain why those facts could not have been presented. Instead, his affidavit merely reiterates that Michael and Paula tortiously influenced James to deny him an estate distribution. He requests contact information of his father's friends and doctors, and seeks other records relating to the value of the estate, but he does not explain how any of this information precludes summary judgment. Byron had to show that he lacked an "opportunity to discover information

10

that [was] essential to his opposition." *Supreme Ct. of N.M.*, 2016 WL 3166830, at *10 (internal quotation marks omitted). He failed to do so.

### C. Appointment of Counsel

Byron also contends the district court erred in denying his motion for counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Factors to be considered include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (internal quotation marks omitted). Here, the district court considered the appropriate factors and concluded that appointing counsel was not warranted. We cannot say the court abused its discretion, even accounting for Byron's claimed mental illness. He has ably prosecuted this action, which presents a relatively straightforward and dispositive statute-of-limitations issue. There is no liberty interest at stake, and if the estate were as significant as he alleges, he could have retained counsel.[3]

### D. In Forma Pauperis Status

Finally, Byron moves to proceed on appeal *in forma pauperis* (IFP). To obtain IFP status, he must show both that he cannot pay the required fees and that his appeal presents a reasoned, nonfrivolous argument on the law and facts. *DeBardeleben v.*

---

[3] For these same reasons, we deny Byron's motions seeking appointment of appellate counsel.

*Quinlan*, 937 F.3d 502, 505 (10th Cir. 1991).  Byron has made the required showing, and thus we grant his request to proceed on appeal IFP.

## III

The judgment of the district court is affirmed.  Byron's motion to proceed IFP is granted, and he is reminded to continue making partial payments until the entire filing and docketing fees are paid in full.  Byron's motions for appointment of appellate counsel are denied.

Entered for the Court

Mary Beck Briscoe
Circuit Judge